UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OLYMPIA FUNDING, INC.,

    Plaintiff(s),

vs.

BEVERLY HILLS ESTATES FUNDING, INC et al.,

    Defendant(s).
                                          /

No. C07-1402  MHP

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED**

       This action was removed pursuant to a "Notice of Removal" filed on March 9, 2007, by defendant Richard Fresquez. There are seven defendants named in the action, yet the removing defendant has not joined any of them nor indicated whether any of them have been served and, if so, what their respective statuses are with regard to joining in the removal.

       In interpreting 28 U.S.C. section 1441, courts have long held that all defendants must join in the removal. Chicago, R.I. & P.F. Co. v. Martin, 178 U.S. 245 (1900); Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). Furthermore, removal statutes are strictly construed and doubts should be resolved in favor of remand. The burden is on the removing defendant to establish removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); California ex rel. Lockyer v. Dynergy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005).

       Removal jurisprudence is riddled with traps waiting to ensnare the unwary, particularly where there are multiple defendants. Questions such as the time within which to remove, when later

1  served defendants must remove or join the removal, which defendants must remove, abound; and
2  these are only a sampling.

3  In this case, another question is raised: where a complaint alleges a removable federal
4  question claim and nonremovable claims can a defendant named only in the nonremovable claims
5  file for removal?  And, must that defendant join in a removal application made by defendants on the
6  removable claims, if they seek to remove?

7  There are serious questions as to the effectiveness of the removal effort here and defendant
8  Fresquez must answer them.  Therefore, within twenty (20) days of the date of this order defendant
9  Fresquez must submit a memorandum not to exceed ten (10) pages and a declaration, the former
10 addressing the issue of whether a defendant on a nonremovable claim or claims may remove and the
11 latter setting forth the status of the remaining defendants including whether they have been served
12 and, if so, when they were served.  Plaintiff shall file its response not to exceed ten (10) pages within
13 ten (10) days of the filing of defendant's submission.  At that time the matter will be deemed
14 submitted.

15 This order is styled as on order to cause why this action should not be remanded.  If
16 defendant Fresquez, who has the burden of establishing removal jurisdiction fails to carry his
17 burden, this action will be remanded to state court.

19 IT IS SO ORDERED.

22 Date: March 14, 2007

MARILYN HALL PATEL
District  Judge
United States District Court
Northern District of California